For the reasons that follow, I concur in judgment only with the opinion of the majority.
I agree that the identification of appellant as the suspect in the Geauga County break-in was error because the foundation laid for its admission was insufficient. Similarly, I would agree that the three break-ins in Euclid, Ohio, were inadmissible because there was no description or photograph of the perpetrator available.
Having said that, however, I believe that the fourth Euclid incident, which resulted in appellant's arrest for trespassing, certainly had sufficient common characteristics of to be admissible. The elements of appellant's presence, in front of a large plate glass window, with a large piece of concrete in his hand, combined with the presence of the camouflage jacket and the similarity to the physical characteristics of the individual videoed at True Value, were sufficient to allow them to be presented as admissible evidence under Evid.R. 404(B) or R.C. 2945.59.
Unfortunately, this means that approximately half of the evidence concerning these prior acts is inadmissible, and that including the actual naming of appellant as the perpetrator in these prior acts is such that the jury verdict could not help but be contaminated by them. The remaining evidence is scarcely overwhelming. That being the case, I agree with the majority in its conclusion that a new trial is required on these charges, and that the first three incidents in Euclid and the identification of appellant as the perpetrator in Geauga County be considered inadmissible unless a significantly better foundation is laid. Hence, I agree with the reversal and would remand.